[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff in this foreclosure action has moved for summary judgment against the defendant, Nancy Reno Miller, (hereafter referred to as the defendant) on the ground that the answer and special defense that she has filed in response to the complaint do not raise any genuine issues as to any material facts and that the plaintiff is therefore entitled to a judgment against her as to liability as a matter of law. The answer admits that she executed the note and mortgage but puts the plaintiff to its proof as to the exercise of its option to accelerate the debt as alleged in paragraph 5 of the complaint, and also asserts by way of special defense that the plaintiff failed to give her notice of her right to reinstate the loan as provided in the mortgage note and deed. CT Page 9412
The affidavit submitted by the plaintiff in support of the motion states that the last payment by the defendants was made on June 1, 1994, and that they were notified of the default by letter dated August 16, 1994 (Plaintiff's Exhibit D) addressed to David A. Miller and Nancy Reno Miller at 20 Sartori Road in the town of Stafford, the mailing address of the mortgaged premises. The letter, which began with the salutation, "Dear Homeowner(s):", gave notice of the default, the action that would be required to cure it, the time period that they would have in order to do so before the plaintiff's option to accelerate the debt could be exercised, and the right of the defendants to reinstate after acceleration.
The defendant's affidavit that was filed in opposition to the motion states that she vacated the premises and filed a change of address with the Stafford post office, "and thereafter filed a dissolution of marriage action against David A. Miller." She also states in her affidavit that "I had the capacity to reinstate the mortgage if I had been notified of the default at the time that it occurred [and that] I had no notice or information as of June 1, 1994, and thereafter that Defendant David A. Miller, was not making the monthly mortgage payments."
Paragraphs 6 and 7 of the mortgage note provide that written notice of default and of the right to accelerate the debt must be given by the holder by mailing it by first class mail to the maker at the address of the mortgaged property, or at a different address if the maker give the holder of the note notice of a different address. Paragraph 14 of the mortgage deed also provides for notice in the same manner, and states that any such notice "shall be deemed to have been given [to the mortgagor] when given as provided in this paragraph."
The plaintiff asserts that the affidavit submitted in support of the motion establishes all of the essential material allegations of the complaint which are controverted in the defendant's answer, and that the special defense raises no genuine issues of material fact and that it is therefore entitled to judgment on its complaint as a matter of law. The defendant argues that a motion for summary judgment may not be used to test the legal sufficiency of a pleading nor may it be utilized against a special defense, and that in any event, based on the facts asserted in her counteraffidavit she is entitled to a determination by the trier of fact, after an evidentiary hearing, of whether the presumption of receipt of the required notice by depositing it in the mail may properly be applied under the facts and circumstances of this case. CT Page 9413
The defendant's procedural objection to the motion on the ground that a motion for summary judgment may not be used to challenge a special defense appears to be based on the incorrect assumption that "the mere filing of special defenses immunizes a defendant from being obliged to defend a motion for summary judgment on its merits." See Centerbank v. Silvermine LandInvestment Corp., 8 Conn. L. Rptr. 61, 62 (January 11, 1993). On the contrary, the plaintiff in a foreclosure action may properly seek a judgment as to liability where the motion, as in this case, is based on the allegations of the complaint itself rather than being directed solely to the special defenses asserted by the defendant. See Bycoski v. Gagne, 12 Conn. L. Rptr. 433 (October 24, 1994).
The defendant's second procedural objection is based on a recent decision of the Appellate Court, Burke v. Avitabile,32 Conn. App. 765 at 772, in which it stated that "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." The court also noted that while it recognized that the case of Boucher Agency, Inc. v. Zimmer. 160 Conn. 404, 408-409, "which seems to indicate that a motion for summary judgment can be used to test the legal sufficiency of the complaint prior to judgment . . . the fact that it was decided in 1971 and has not been cited for that proposition to this date, leads us to the conclusion that it is anomalous." Id. n. 9.
The defendant in Burke failed to test the legal sufficiency of the complaint by means of a motion to strike as required under § 112 of the Practice Book before filing his answer, and waited until after a default judgment had been entered against him and a hearing in damages ordered before he filed the motion for summary judgment. Id. 769. On June 22, 1992, the trial court denied the motion on the ground that it was untimely and that the defendant had waived his right to test the legal sufficiency of the complaint by his failure to do so at an earlier stage of the proceedings. Id., supra, 768, 770.
Section 379 of the Practice Book was amended effective October 1, 1992 to allow any party to "move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial." The change in the rule was clearly designed to encourage litigants to utilize CT Page 9414 the motion for summary judgment without restriction at any time before a case is claimed for the trial list, and to allow them argue that they are "entitled judgment as a matter of law" pursuant to § 384 of the Practice Book, whether or not the sufficiency of the complaint or responsive pleading has previously been tested by a motion to strike.
The plaintiff's timely use of a motion for summary judgment as the procedural vehicle to challenge the legal sufficiency or the defendant's responsive pleading rather than a motion to strike the special defense has given the defendant an opportunity that she would not otherwise have had to present the factual underpinnings for her answer and special defense. Nevertheless, the court recognizes that the entry of judgment in favor of the plaintiff will preclude her from filing a substitute pleading which she would have been permitted to do under § 157 of the Practice Book, and accordingly, in order to eliminate that procedural disadvantage, the plaintiff's motion will be treated as the "functional equivalent of a motion to strike." Connecticut IndustrialBuilders, Inc. v. Strogoff, 10 Conn. L. Rptr. 330 (December 20, 1993); see also County Federal Savings Loan Association v.Eastern Associates, 3 Conn. App. 582.
It should be noted that the defendant's memorandum in opposition to the motion asserts facts that do not appear in her affidavit, namely, that she vacated the marital home in February of 1993, that she had not returned there since that time, and that she and "David A. Miller were not joint tenants, because they were divorced [at the time the notice was mailed]." Moreover, the sheriff's return states that service was made on November 17, 1994 at her "usual place of abode" at 20 Sartori Road in Stafford and the court's review of the file does not indicate that the sufficiency of service of process as to her was subsequently challenged by means of a motion to strike after the filing of her appearance pursuant to §§ 142 and 143 of the Practice Book.
Although the factual basis for the defendant's legal claims may be questioned, the court will accept her assertion that if separate notices had been mailed to the property address, the letter addressed to her would have been forwarded because she had notified the post office of her change of address as stated in her counteraffidavit. The defendant construes the provisions of the mortgage documents to require the mailing of two separate, personally addressed notices to each of the jointly liable obligors under the note rather than a single letter directed to both of them CT Page 9415 at the address of the mortgaged premises which the plaintiff claims fully satisfies its contractual obligation of notice.
Where the question of whether proper notice has been given involves the consideration of various circumstances subject to different interpretations in order to resolve the issue, it is clearly a question of fact for the trier, but it becomes a question of law where it depends on the construction of a written instrument or the circumstances are such as to lead to only one reasonable conclusion. Truslow Fulle, Inc., v. Diamond Bottling Corp.,112 Conn. 181, 188. Where the nature and manner of notice is expressly stated in the contract of the parties, the giving of notice in the manner and form set forth therein is sufficient whether or not it results in actual notice. 58 Am.Jur.2d, Notice § 31 (citingWestmoreland v. General Accident Fire Life Assurance Corp.,144 Conn. 265, 270.
As a general rule, acceleration provisions in mortgages are valid and enforceable and should be construed, and the intention of the parties ascertained, by the same rules as other contracts. 53 Am.Jur.2d, Mortgages, § 371. Where the contract expressly provides that written notice of the election to accelerate the debt must be given by the holder of the note, the decisive issue on a motion for summary judgment by the creditor or on cross-motions of the parties is whether the "notice" contemplated under the provisions of the note is satisfied only by its actual receipt by the maker or simply by the holder's act of mailing the requisite notice. Menke v. First National Bank of Atlanta, 309 S.E.2d 835,836 (Ga.App. 1983).
Where the terms of the contract expressly provide that notice directed by one party to the other's address "shall be deemed" to be a legally sufficient notice, it is the presumed recipient, rather than the sender, who assumes the risk that he will not receive it or that for some reason he will be unable to respond to the notice as he would have done had he actually received the notice. Pitts v. Hartford Life Annuity Insurance Company,66 Conn. 376, 385. In this case, the provisions of the note and mortgage expressly imposed upon the defendant the duty of giving the plaintiff notice if she moved to a different address, thereby incorporating into their contract the equitable principle that the risk of nonreceipt should not fall upon the party who relies on the method of transmission agreed upon by the parties and who is thereby "lulled into security by the presumption of due delivery and receipt arising from the mailing of a properly-addressed CT Page 9416 letter." See Console v. Torchinsky, 97 Conn. 353, 356-57.
Where two or more persons are subject to a duty or obligation upon notice, and there is no specific statutory or contractual requirement to the contrary, a notice addressed to all and served on one is notice to all. Conrad v. Hawk, 10 P.2d 534, 536 (1932). Our Supreme Court has applied this rule to cofiduciaries, as well as to joint tenants and tenants in common with respect to matters relating to the real estate that they own. Katz v. West Hartford,191 Conn. 594, 600-01.
Notice to one of two joint obligors or contractors has always been held to convey notice to the other with respect to matters affecting their joint obligation. United States v. FleisherEngineering Construction Company, 107 F.2d 925, 929 (2d Cir. 1939). The argument that the rights of any such person should not be affected by any notice which was never communicated to that individual does not constitute a defense because if he had consulted the person who had received actual notice "the necessary information might have been obtained." Foster v. Mix, 20 Conn. 395,401-02.
For the foregoing reasons, the court concludes that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment on the issue of liability alone. The defendant will be permitted to file a substitute pleading as provided in § 157 of the Practice Book within fifteen days after the filing of this decision and if she fails to do so within that period, a summary judgment as to liability will enter against the defendant on the complaint.