[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a complaint filed August 12, 1999, the plaintiff, Chase Manhattan Bank, claimed that the defendants, Alfred J. Smith, Jr. and Carol P. Smith, were in default on a mortgage owed to the plaintiff for property located at 2 Country Club Road, Darien, Connecticut. The plaintiff claims that the defendants failed to pay the monthly installments due on the note as of March 1, 1999, and failed to make payments of municipal real estate taxes and sewer assessment installment payments. The plaintiff further claims that the principal balance of $540,212.65, exclusive of interest, late charges, advances, and expenses is now due and owing.
In the defendants' answer, filed September 16, 1999, they admit that, by the terms of a note, they promised to pay the principal sum of $500,000.00 to the plaintiff. The defendants assert a special defense, however stating that the plaintiff, "failed to provide the required 30 day curative letter and therefore the acceleration of the mortgage is improper."
On October 7, 1999, the plaintiff filed a motion for summary judgment accompanied by an affidavit of the assistant secretary of the plaintiff bank, a copy of the adjustable rate note, the mortgage and adjustable rate rider, the affidavit of the CT Page 1715 plaintiff's attorney, and copies of delinquent property tax statements. The plaintiff argues that the defendants are in default on the mortgage owed to the plaintiff, and that the defendants' special defense does not raise an issue of fact for the trier of fact. In response, the defendants filed an opposition memorandum on October 22, 1999, stating that, "[t]here was a dispute between Plaintiff and Defendants, which arose in 1998, involving the proper crediting of funds paid by Defendants to Plaintiff in 1998. Plaintiff refused to respond to numerous inquiries regarding this misapplication of funds, which affected the amount Defendants could deduct for mortgage interest on their 1998 Federal Income Tax return. Defendants were left with no option than to take the credit from their March 1, 1999 mortgage payment." (Defendants' Memorandum, p. 2) In support of their objection, the defendants have attached a copy of a check representing their March mortgage payment minus a deduction, a copy of a mortgage interest statement for 1998, and an affidavit of the defendant, Alfred Smith.
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714, ___ A.2d ___ (1999), citing Practice Book § 17-49. "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 378, 260 A.2d 596 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 379.
The plaintiff argues that the defendants' special defense of improper notice of acceleration does not present an issue of fact. "Where the nature and manner of notice is expressly stated in the contract of the parties, the giving of notice in the manner and form set forth therein is sufficient whether or not it results in actual notice." GE Capital Mortgage Services v.Miller, Superior Court, judicial district of Tolland at Rockville, Docket No. 056950 (August 23, 1995, Hammer, J.) (15 Conn. L. Rptr. 213). "Notices of default and acceleration are CT Page 1716 controlled by the mortgage deed. Therefore, the question of notice is one of law to be determined by the language of the mortgage document." First Trust National Association v. Weiss
Superior Court, judicial district of New London at New London, Docket No. 545361 (December 8, 1998, Martin, J.). Here, the mortgage document states: "[A]ny notice that must be given to [the mortgagor] under this Note will be given by delivering it or by mailing it by first class mail to [the mortgagor] at the Property Address above. . . . Notice is said to have been properly given if it has been properly sent whether or notactually received." (Emphasis added.) (Plaintiff's Memorandum, Exhibit "A".) The plaintiff submitted an affidavit of John T. Avellino,[1] with its motion for summary judgment, in which he attests that he had prepared and sent, by first class mail, a notice of acceleration to the defendants' last known address on May 13, 1999. The notice of default was given to the defendants in accordance with the terms of the mortgage document, and actual receipt of the notice of default was not required. Therefore, the plaintiff's motion for summary judgment should be granted.
The defendants argue that a material fact exists regarding their default on their mortgage due to the fact that the plaintiff misapplied some of the defendants' mortgage payments. As stated by the Supreme Court, "[a] `material' fact has been defined as . . . one which will make a difference in the result of the case." United Oil Co. v. Urban Redevelopment Commission,
supra, 213 Conn. 379. The alleged misapplication of the defendants' funds amounts to conduct of the plaintiff after the execution of the mortgage and, because it is not a recognized defense to a foreclosure action, will not make a difference in the result of this case. See Fleet Mortgage v. Akavalos, Superior Court, judicial district of New London at New London, Docket No. 539966 (May 21, 1999, Martin, J.); GMAC Mortgage Corporation v.Nieves, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164925 (January 29, 1999, Tobin, J.). InOcwen Federal Bank FSB v. Weinberg, Superior Court, judicial district of New London at New London, Docket No. 547629 (August 11, 1999, Mihalakos, J.), the court granted the plaintiffs motion to strike the defendants' special defense "which alleged that the plaintiff failed to administer the defendants' account properly by "(1) failing to properly calculate the indebtedness; (2) failing to accept payments made in a timely fashion; (3) failing to properly credit payments; and (4) misapplying payments and failing to account for payments made." The court held that, "[n]one of the allegations contained in the first special defense CT Page 1717 attack the making, validity or enforcement of the mortgage; rather, they each refer to the conduct of the plaintiff during the course of their relationship. " Similarly, the defendants' assertions of "a dispute between Plaintiff and Defendants, which arose in 1998, involving the proper crediting of funds . . ." amounts to conduct after the execution of the mortgage and does not present any issue of material fact that will make a difference in the outcome of this case. Because, "[s]ummary judgment may be defeated only when the facts alleged to be in dispute are material to the case," the motion for summary judgment is granted. Honan v. Greene, 37 Conn. App. 137, 140,655 A.2d 274 (1995).
HICKEY, J.