WILLIAM H. HONAN *v.* MATHEW H. GREENE ET AL.
(13295)

LANDAU, HEIMAN and SPEAR, Js.

Argued December 12, 1994—decision released March 7, 1995

*Nancy Burton,* for the appellant (plaintiff).

*Thomas J. Londregan,* with whom was *Ralph J. Monaco,* for the appellee (named defendant).

HEIMAN, J. The plaintiff appeals from the judgment of the trial court rendered in favor of the defendants[1] after the granting of a motion for summary judgment. On appeal, the plaintiff claims that the trial court improperly rendered summary judgment because (1) genuine issues of material fact remained in dispute and (2) the defendants were not entitled to relief as a matter of law because the plaintiff is an aggrieved party as required by General Statutes § 45a-186.[2] We agree that the plaintiff is an aggrieved party and reverse the judgment of the trial court.

The following facts are relevant to this appeal. On November 23, 1992, the plaintiff filed an application with the Probate Court seeking the appointment of an involuntary conservator for his father-in-law, the defendant Milton Burton. The plaintiff alleged that Burton suffered from a personality disorder that resulted in uncontrolled rage and disruptive behavior that endangered the safety of the plaintiff and his three children. The Probate Court denied the application for failure to meet the burden of proof required by General Statutes § 45a-650 (c),[3] which mandates proof by clear and

---

[1] The defendants in this action are Milton Burton, the plaintiff's father-in-law, and Mathew H. Greene, judge of probate for the district of New London.

[2] General Statutes § 45a-186 provides in pertinent part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held . . . . [S]uch person shall give security for costs in the amount of one hundred fifty dollars, which may be paid to the clerk, or a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the superior court or a bond substantially in accordance with the bond provided for appeals to the supreme court. . . ."

[3] General Statutes § 45a-650 (c) provides: "If the court finds by clear and convincing evidence that the respondent is incapable of managing his or

convincing evidence that the respondent is unable to manage his affairs or care for himself.

On February 26, 1993, the plaintiff filed a motion to appeal the decision of the Probate Court. The defendant Mathew H. Greene, judge of probate for the district of New London, denied the plaintiff's motion, finding that the plaintiff was not aggrieved by the denial of his application for the appointment of a conservator.[4]

On March 15, 1993, the plaintiff brought an action seeking a writ of mandamus to compel Greene to allow his appeal. Greene filed a special defense alleging that the plaintiff was not entitled to a writ of mandamus because he was not aggrieved by the denial of his petition for appointment of a conservator and was not, therefore, entitled to appeal from that denial. Greene then moved for summary judgment claiming that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law.

On January 26, 1994, the trial court rendered summary judgment in favor of the defendants.[5] The trial court found that the plaintiff was not aggrieved by the Probate Court's refusal to appoint a conservator for Burton because such an appointment is designed to benefit the proposed ward rather than the applicant. The trial court therefore determined that the plaintiff was not entitled to a writ of mandamus. This appeal followed.

---

her affairs then the court shall appoint a conservator of his or her estate. If the court finds by clear and convincing evidence that the respondent is incapable of caring for himself or herself, then the court shall appoint a conservator of his or her person."

[4] See footnote 2.

[5] Burton also alleged that the plaintiff was not aggrieved, but did not separately move for summary judgment. The memorandum of decision and the judgment file reflect judgment in favor of both defendants.

## I

The plaintiff first claims that the trial court improperly found that there were no genuine issues of material fact. We disagree.

"Summary judgment is a method of resolving litigation when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Rudewicz* v. *Gagne*, 22 Conn. App. 285, 286, 582 A.2d 463 (1990), quoting *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 316–17, 477 A.2d 1005 (1984); see Practice Book § 384. The moving party bears the burden of establishing the nonexistence of any material fact; *Water & Way Properties* v. *Colt's Mfg. Co.*, 230 Conn. 660, 664, 646 A.2d 143 (1994); and the trial court must view the evidence before it in the light most favorable to the nonmoving party. *Scrapchansky* v. *Plainfield*, 226 Conn. 446, 450, 627 A.2d 1329 (1993); see also *Dinnis* v. *Roberts*, 35 Conn. App. 253, 260, 644 A.2d 971, cert. denied, 231 Conn. 924, 648 A.2d 162 (1994). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990).

Summary judgment may be defeated only when the facts alleged to be in dispute are material to the case. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *Na-Mor, Inc.* v. *Roballey*, 24 Conn. App. 215, 217, 587 A.2d 427 (1991); *Hammer* v. *Lumberman's Mutual Casualty Co.*, supra, 214 Conn. 578.

Viewing the facts in the light most favorable to the plaintiff, we cannot say that the trial court improperly determined that no genuine issue of material fact existed. The facts alleged by the plaintiff to be in dispute are not material to the case and could not, therefore, defeat Greene's motion for summary judgment.

The plaintiff points to various allegations in his complaint that were denied by Greene.[6] Each of these denied allegations concerns the actions and capability of Burton. The plaintiff, however, misapprehends the nature of the issue to be decided by the trial court. The case before the trial court did not concern the capability of Burton to care for himself or manage his own affairs, but rather concerned an application for a writ of mandamus. The only issue to be decided by the trial

---

[6] The plaintiff points to the following allegations in his complaint seeking a writ of mandamus that were denied by Greene:

Paragraph seven: "Defendant Milton Burton is incapable of caring for himself and managing his affairs within the meaning of [General Statutes] § 45a-650 (c)."

Paragraph twenty-six: "Defendant Milton Burton's incapability of caring for himself and managing his affairs within the meaning of [General Statutes] § 45a-650 (c) has manifested itself and continues to manifest itself in conduct maliciously intended to harass and cause grave physical and emotional injury to the Plaintiff and his family. Defendant Milton Burton has no fear for the consequences of his conduct and therefore, unrestrained and uncontrolled, he poses a grave risk to the health, safety and welfare of the Plaintiff and his family, including his three minor children."

Paragraph thirty-one: "As parent of his three minor children, the Plaintiff is required by law to protect his children from harm. The Defendant Milton Burton, through his depraved indifference to the health, safety and welfare of the Plaintiff's children, and in a manner intended to cause them permanent physical and emotional harm, has maliciously and wilfully inflicted such harm. The Plaintiff is entitled by law to seek the protection afforded by [General Statutes] § 45a-644 et seq. Thus, he is legally entitled to appeal from a decision denying him such protection."

The plaintiff recognizes that paragraph thirty-one includes legal conclusions the denial of which would not defeat a motion for summary judgment. The plaintiff claims, however, that the denial of the factual allegations in that paragraph, as well as the other paragraphs of the complaint set out previously, constitute genuine issues of material fact sufficient to defeat the defendant's motion for summary judgment.

court was whether the plaintiff was an aggrieved party entitled to appeal a decision of a Probate Court. See General Statutes § 45a-186. The trial court was not required to review the merits of the Probate Court's decision on the plaintiff's application for appointment of a conservator in any way. See *Kucej* v. *Kucej*, 34 Conn. App. 579, 581, 642 A.2d 81 (1994) (question of aggrievement does not involve inquiry into merits of case). Whether Burton was capable is inapposite to the claim before the trial court and does not constitute a material fact sufficient to defeat the defendant's motion for summary judgment. *Hammer* v. *Lumberman's Mutual Casualty Co.*, supra, 214 Conn. 578; see *Na-Mor, Inc.* v. *Roballey*, supra, 24 Conn. App. 217.

The trial court properly determined that no genuine issues of material fact were disputed by the parties and that the trial court could decide the issue before it as a matter of law.

## II

Our inquiry, however, does not end with our resolution regarding the nonexistence of material facts because summary judgment may be granted only where the moving party is entitled to judgment as a matter of law. *Rudewicz* v. *Gagne*, supra, 22 Conn. App. 286. The plaintiff asserts that he was aggrieved by the Probate Court's denial of his application for the appointment of a conservator for Burton, and is thus entitled to a writ of mandamus compelling the Probate Court to allow his appeal from that decision.[7] He, therefore,

---

[7] At oral argument, the plaintiff claimed that he had brought this action in his representative capacity as the father of three minor children. He, therefore, asserted that this court should address the issue of whether the children were aggrieved by the decision of the Probate Court. This claim was not raised before the trial court and the issue of whether the children were aggrieved was never addressed by the trial court in its memorandum of decision on the named defendant's motion for summary judgment. "Practice Book § 4185 provides that this court is not bound to consider a claim

claims that the defendants were not entitled to judgment as a matter of law and that the trial court improperly found otherwise. We agree.

"[M]andamus is an extraordinary remedy. It is designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance." (Internal quotation marks omitted.) *Gelinas* v. *West Hartford*, 225 Conn. 575, 586, 626 A.2d 259 (1993), quoting *McAllister* v. *Nichols*, 193 Conn. 168, 171, 474 A.2d 792 (1984); *Juliano* v. *Farrell*, 196 Conn. 283, 286, 492 A.2d 197 (1985). It, therefore, cannot be invoked to enforce a discretionary act. *Hennessey* v. *Bridgeport*, 213 Conn. 656, 659, 569 A.2d 1122 (1990). "Mandamus neither gives nor defines rights which one does not already have. . . . It acts upon the request of one who has a complete and immediate legal right; it cannot and does not act upon a doubtful and contested right." *Sterner* v. *Saugatuck Harbor Yacht Club, Inc.*, 188 Conn. 531, 533–34, 450 A.2d 369 (1982). The plaintiff in an action for a writ of mandamus bears the burden of proving the "deprivation of a 'clear legal right' " that warrants the imposition of such an extraordinary remedy. *Light* v. *Board of Education*, 170 Conn. 35, 38, 364 A.2d 229 (1975).

A Probate Court does not have the discretion to deny review of its decision by one who has met the requirements of § 45a-186. See *Haylett* v. *Commission on Human Rights & Opportunities*, 207 Conn. 547, 550, 541 A.2d 494 (1988). A party aggrieved by a decision of a Probate Court, who timely moves for permission to appeal and gives the appropriate security for costs, may obtain a writ of mandamus to compel the allow-

that was not distinctly raised at trial." *Berry* v. *Loiseau*, 223 Conn. 786, 828, 614 A.2d 414 (1992). We, therefore, decline to review this claim.

ance of that appeal if permission is denied. *VanBuskirk* v. *Knierim*, 169 Conn. 382, 387, 362 A.2d 1334 (1975) (addressing appeals from probate pursuant to General Statutes [Rev. to 1972] § 45-288, predecessor to § 45a-186).

The central issue to be determined by the trial court in deciding whether the plaintiff was entitled to a writ of mandamus concerned the question of whether the plaintiff had satisfied the requirements of § 45a-186, specifically, whether he was aggrieved by the decision of the Probate Court.[8] We hold that the plaintiff was statutorily aggrieved by the decision of the Probate Court and that the trial court improperly found otherwise.

"Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court. . . . Aggrievement falls within two categories, classical and statutory." (Citations omitted; internal quotation marks omitted.) *Kucej* v. *Kucej*, supra, 34 Conn. App. 581–82. "[T]he existence of [classical] aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest [of the appellant] . . . has been adversely affected. . . . Moreover, it must appear that the interest which is adversely affected is a direct interest in the subject matter of the decree from which the appeal is taken." (Citations omitted; internal quotation marks omitted.) *Appeal from*

---

[8] Neither party raised as an issue the question of whether the plaintiff's motion to appeal was timely filed within the thirty days provided by General Statutes § 45a-187 (a). Nor were there any claims that the plaintiff failed to give security for costs as required by § 45a-186. The only issue before the trial court on the named defendant's motion for summary judgment was whether the plaintiff was aggrieved by the decision of the Probate Court so that a writ of mandamus was proper to compel the issuance of permission to appeal.

*Probate of Bencivenga*, 30 Conn. App. 334, 336–37, 620 A.2d 195 (1993), aff'd, 228 Conn. 439, 636 A.2d 832 (1994); *Erisoty's Appeal from Probate*, 216 Conn. 514, 520, 582 A.2d 760 (1990). "Statutory aggrievement exists by legislative fiat which grants an appellant standing by virtue of particular legislation, rather than by judicial analysis of the particular facts of the case." (Internal quotation marks omitted.) *Kucej* v. *Kucej*, supra, 582.

General Statutes § 45a-648 provides that "any person" may apply to the Probate Court for the appointment of a conservator. "Because the right to file an application . . . was expressly given to any . . . person, it naturally follows that [a] person who filed an application but was denied [the relief requested] . . . should be afforded an opportunity to appeal from the Probate Court's decision." *Buchholz's Appeal from Probate*, 9 Conn. App. 413, 423, 519 A.2d 615 (1987) (finding statutory aggrievement where statute provides that "any adult person" may apply for appointment of guardian). By the express terms of the statute, the plaintiff was given a right to apply for a conservator; in order for that right to be adequately protected, the plaintiff must be permitted to appeal the decision of the Probate Court. *Kucej* v. *Kucej*, supra, 34 Conn. App. 582.

Thus, the plaintiff, as a person entitled to file an application for the appointment of a conservator pursuant to § 45a-648, is statutorily aggrieved upon the denial of his application and entitled to appeal pursuant to § 45a-186.

Because we have determined that the plaintiff was statutorily aggrieved by the decision of the Probate Court, we need not address the issue of classical aggrievement.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

