[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action commenced in May, 1994 by the plaintiff, Kenneth Curry, against the defendants George Dubish and the Bethel Baptist Church. The allegations of the complaint, are that Dubish sexually molested and repeatedly sexually abused Curry during the period from 1975 to 1982. Dubish is claimed to have been a minister at Bethel Baptist Church during this period. The subject of this summary judgment motion is the fifth count, in which Curry alleges that Bethel Baptist was negligent in hiring, supervising, training, and retaining Dubish when it should have known Dubish was a danger to young boys. Additionally, Curry alleges that Bethel Baptist failed to provide adequate warning to the plaintiff or his family and that CT Page 1319-A it failed to maintain and enforce a policy of sexual relations between the employees of the church and its officers.
Bethel Baptist Church has filed a motion for summary judgment. It contends that the fifth count is barred by the statute of limitations in General Statutes § 52-584.
Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Waterand Way Properties v. Colt Mfg. Co., 230 Conn. 660, 664,646 A.2d 143 (1994). The purpose of summary judgment is to eliminate the delay and expense of litigating an issue when there is no genuine issue to be tried. Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). The moving party bears the burden of establishing the nonexistence of any material fact, . . . and the trial court must view the evidence before it in the light most favorable to the nonmoving party. Honan v. Greene, 37 Conn. App. 137,139-140, 655 A.2d 274 (1995).
Bethel Baptist argues that the applicable statute of limitations for this action is General Statutes § 52-584, which provides that "[n]o action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within CT Page 1319-B two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." Based on this statute, Bethel Baptist argues that the statute of limitations ran in 1985, three years after the last sexual act alleged in the complaint.
Bethel Baptist also contends that Curry's claim is not aided by General Statutes § 52-577d, which provides that "[n]otwithstanding the provisions of section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than seventeen years from the date such person attains the age of majority." Bethel Baptist argues that this section applies only to cases against the perpetrator of this assaults, and does not apply for claims of negligence against non-perpetrators. The church cites a recent Appellate Court case, Giordano v.Giordano, 39 Conn. App. 183, 664 A.2d 1136 (1995), as standing for the proposition that General Statutes § 52-577d only applies to the perpetrators of sexual abuse for injuries caused by sexual abuse, and not applying to negligence actions.
Curry argues that the motion for summary judgment that two CT Page 1319-C state courts and one federal court have found that General Statutes § 52-577d applies in the context of negligence actions, and is not limited strictly to sexual offenders. Curry's argument is that General Statutes § 52-577d is "harm-based", and therefore applies to this action. Curry also argues that this motion is procedurally faulty, in that the proper avenue for a statute of limitations defense is by way of a special defense.
The court agrees that in the absence of agreement as to relevant facts, the issue of the Statute of Limitations is not amenable to summary judgment. Forbes v. Ballano, 31 Conn. App. 235.
Accordingly, the motion is denied.
McDONALD, J.