[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 7, 1995, the pro se plaintiff, Benjamin Gyadu, filed a two count, revised complaint against the defendants G W Management, Inc. ("G W") and Willow Equipment Sales, Inc. ("Willow").[1] The complaint arises out of the towing of the plaintiff's car from the parking lot of the Bella Vista Condominiums in Waterbury, Connecticut, by Willow, on November 23, 1993. Only the first count is directed at Willow. In the first count, the plaintiff alleges that the defendants "seized CT Page 8531 and towed the plaintiff's car . . . without any due cause or process." Complaint, ¶ 1. The plaintiff also alleges that he has demanded the return of his car, but that Willow has refused, "demanding rather towing fees and up-to-date storage charges before releasing the car." Complaint, ¶ 3. On September 20, 1995, Willow filed an answer with four special defenses, asserting that all action taken by them relating to the plaintiff's automobile was in compliance with General Statutes §§ 14-145, 14-145a, 14-145b and 14-150.
On June 21, 1996, Willow filed a motion for summary judgment and supporting memorandum of law as to the first count of the revised complaint, based on the allegations set forth in its special defenses.[2] Willow claims that there are no issues of material fact and that it is entitled to judgment as a matter of law in that its actions were authorized by General Statutes §§14-145 (a), 14-145a, 14-145b and 14-150.
In support of its motion, Willow filed three exhibits which include affidavits from the presidents of G W and Willow as well as the plaintiff's deposition testimony from another proceeding. In essence, Willow's exhibits establish that Willow towed the vehicle at the request of G W, the authorized management company for the Bella Vista Condominiums, and that the plaintiff never offered to pay the towing or storage charges or to sign a declaratory statement that his vehicle had been towed illegally.
The plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment, attaching eight exhibits thereto. These exhibits consist of the following documents: letters from the tax assessor from the City of Waterbury certifying that the plaintiff is the record owner of a condominium at Bella Vista Condominiums as well as the towed motor vehicle; a letter from G W notifying property owners at the Bella Vista Condominiums that it was assuming management duties effective September 1, 1992; an excerpt from the by-laws of the Bella Vista Condominiums; copies of statutes; letters from the plaintiff dated November 27, 1993, August 22 and 31, 1995, complaining about the legality of towing the car in question; and, a copy of an estimate of the value of the towed car, a 1977 Pontiac Bonneville sedan. The motion appeared on the short calendar on July 22, 1996, at which time counsel for Willow appeared and argued in support of the motion. The plaintiff did not appear for argument. CT Page 8532
Summary judgment is a method of resolving litigation when "pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Water Way Properties v. Colt's Mfg.Co., 230 Conn. 660, 664, 646 A.2d 143 (1994). The purpose of summary judgment is to eliminate the delay and expense of litigating an issue when there is no genuine issue to be tried.Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). If the movant would be entitled to a directed verdict on the facts, then the movant should be granted a summary judgment. Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
"The moving party bears the burden of establishing the nonexistence of any material fact . . . and the trial court must view the evidence before it in the light most favorable to the nonmoving party." (Internal citations omitted.) Honan v.Greene, 37 Conn. App. 137, 140, 655 A.2d 274 (1995). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue."Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991).
"In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist." Dolnack v.Metro-North Commuter Railroad Co., 33 Conn. App. 832, 838,639 A.2d 530 (1994) (quoting Cortes v. Cotton, 31 Conn. App. 569,575, 626 A.2d 1306 (1993)). Thus, the court's role in the present case is to decide whether an issue of material fact exists regarding Willow's compliance with General Statutes §§ 14-145 (a),14-145a, 14-145b and 14-150.
The plaintiff alleges that G W did not have the authority to authorize Willow to tow his vehicle out of the Bella Vista Condominiums parking lot. General Statutes § 14-145
(a) provides that "[a]n owner or lessee of private property, or his agent may remove or cause to be removed any motor vehicle left without authorization on such property in accordance with the provisions of this section and sections 14-145a to 14-145c, inclusive." Section 14-145a(a) provides that "[n]o vehicle shall be towed or removed from private property except upon express instruction of the owner or lessee, or his agent, of the property CT Page 8533 upon which the vehicle is trespassing."
In order to show compliance with these statutory provisions, Willow submitted the affidavit of Mark Hamelin, the president of Willow (Ex. A), the affidavit of Andrew Gionta, the president of G W (Ex. B), and excerpts of the plaintiff's deposition testimony in the case of Gyadu v. Hamelin, Superior Court, judicial district of Waterbury, Docket No. 125772 (Ex. C). In his affidavit, Hamelin claims that he believed G W to be the authorized management company for the Bella Vista Condominiums. Gionta's affidavit states that when G W requested Willow to tow the plaintiff's vehicle, it was in fact the authorized management company for the Bella Vista Condominiums.
Although the plaintiff in his memorandum alleges facts contesting when G W became the management company, he makes no allegation nor establishes any evidence to the effect that on the date his vehicle was towed, November 23, 1993, G W was not the management company or that Willow did not believe G W to be the management company of Bella Vista Condominiums. Rather, the exhibits appended to the opposition memorandum focus on establishing the plaintiff's property rights and on the actions of G W. In so doing, the plaintiff has failed to raise any factual issue relating to his claim against Willow.
The plaintiff also claims he has suffered injury because of Willow's refusal to return the plaintiff's vehicle, "demanding rather towing fees and up to date storage charges before releasing the car." Complaint, ¶ 3. Section 14-145b(b) directs that a towed vehicle is to be released to the owner if the owner "presents proof of registration, pays the cost of towing or removal and of storage, or signs a declaratory statement that the towed or removed vehicle was taken illegally." Although the plaintiff alleges he orally told Willow he believed his car to be towed illegally, there is no dispute as to the fact that the plaintiff did not pay the towing and storage charges owed to Willow or sign a declaratory statement to the effect that his vehicle was illegally towed. (Ex. A, ¶¶ 11-12, 14, 24-25; Ex. C, ¶¶ 29-30).
While the plaintiff may as yet establish a valid claim against G W, as to Willow there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Accordingly, Willow's motion for summary judgment is granted. CT Page 8534
PECK, J.