[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS APPEAL (#103)
This is a probate appeal from a decree of the Probate Court for the District of Branford (Donegan, J.) Appointing Anne Schroeder ("Anne") conservator of the person of her mother, Ellen Jeanne Schroeder. Anne's sister, Elizabeth DelPivo ("Elizabeth") has brought this appeal asserting that Anne's appointment was not in the best interests of the ward, Ellen Jeanne Schroeder, and contrary to the ward's expressed wishes.
Anne has moved to dismiss Elizabeth's appeal claiming that Elizabeth lacks the requisite aggrievement thus depriving the court of jurisdiction. A hearing was held on Anne's motion on September 7, 1999. For the reasons set forth below, the motion to dismiss is denied.
BACKGROUND
Commencing on November 10, 1998, the Branford Probate Court conducted a hearing on Anne's application to be appointed conservatrix for her mother. Pursuant to General Statutes §45a-649, Elizabeth was provided notice of Anne's application and appeared with counsel at the hearing.
At the hearing, the parties stipulated that Ellen Jeanne Schroeder was incapable of caring for herself or managing her affairs and that a conservator of the person and a conservator of the estate of the ward should be appointed. The parties further stipulated that Fleet National Bank should be appointed conservator of the ward's estate.
The contested issue before the Probate Court was who should be appointed conservator of the person of Ellen Jeanne Schroeder. At the hearing, Elizabeth objected to Anne's appointment and filed a written request that she be appointed conservatrix for her mother. The parties agreed that the court could appoint anyone it felt would be suitable as conservatrix. CT Page 15458
At the hearing, the court heard testimony from both Anne and Elizabeth as well as others. Following the hearing, the court appointed Anne as conservatrix of her mother's person. Elizabeth then filed this appeal.
DISCUSSION
Pursuant to General Statutes § 45a-186, "any personaggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court" (Emphasis added). Aggrievement goes to the jurisdiction of the court. Lenge v.Goldfarb, 169 Conn. 218, 220 (1975). Unless the plaintiff is actually aggrieved by order or decree, the Superior Court has no jurisdiction over the subject matter of the appeal. Id. A lack of subject matter jurisdiction may be raised by a motion to dismiss. Practice Book § 10-31.
"Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court." Honan v. Greene, 37 Conn. App. 137 (1995). Aggrievement falls within two categories, classical and statutory. Id.
"The existence of classical aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest of the appellant will be adversely affected . . . Moreover, it must appear that the interest which is adversely affected is a direct interest in the subject matter of the decree from which the appeal is taken.Appeal from Probate of Bencivenga, 30 Conn. App. 334, 336-37
(1993), aff'd 228 Conn. 439 (1994); Erisoty's Appeal fromProbate, 216 conn. 514, 520 (1990) "Statutory Aggrievement exists by legislative fiat which grants an appellant standing by virtue of particular legislation, rather than by judicial analysis of the particular facts of the case." Kucej v. Kucej,34 Conn. App. 581, 582 (1994).
The court need not decide whether, on the facts of this case, Elizabeth has the requisite "legally protected interest", to meet the requirements for classical aggrievement because the court finds that she is statutorily aggrieved.
Connecticut General Statutes § 45a-648 provides that "any person" may apply to the Probate Court for appointment of a CT Page 15459 conservator. Our Appellate Court has held that, since the right to file an application was given to "any person", a person who filed an application to be appointed conservator but was denied, should be afforded an opportunity to appeal from the Probate Court's decision. Buchholz's Appeal from Probate,9 Conn. App. 413, 423 (1987). See also Honan v. Greene, supra37 Conn. App. 145 (person entitled to file an application for the appointment of a conservator pursuant to § 45a-648 whose application is denied is statutorily aggrieved and entitled to appeal pursuant to § 45a-186.)
In this case, Elizabeth had a statutory right to notice of Anne's application and the date, time and place of the hearing on the application. See § 45a-649. Elizabeth appeared and both objected to Anne's application for appointment and applied to have herself appointed. In recognition of the competing applications of the two sisters, the parties agreed that the Probate Judge could appoint any suitable person as conservatrix.
Since by statute Elizabeth was given a right to notice and opportunity to be heard in opposition to Anne's appointment, that right is protected by giving Elizabeth the right to appeal the adverse decision of the Probate Court. Kucej v. Kucej, supra34 Conn. App. 582. Likewise, Elizabeth availed herself of the statutory right to apply to the Probate Court to have herself appointed conservatrix of her mother. Denying her the right to appeal would result in virtual unfettered and unreviewable discretion of the Probate Court in making such decisions.Buckholz's Appeal from Probate, supra, 9 Conn. App. 424. As noted above, unsuccessful applicants, have a right to appeal. Honan v.Greene, supra, 37 Conn. App. 145.
The court finds that Elizabeth meets the requirements of statutory aggrievement. The motion to dismiss is therefore denied.
So Ordered at New Haven Connecticut this 30th day of November, 1999.
Devlin, J.