[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiffs, Antonio Massaro and Tommaso Marroccoli, filed a complaint on February 17, 2000, alleging in a single count that the defendants, Helen, Kenneth and Richard Nizolek, materially breached their obligations under a real estate agreement between the parties by refusing to return the plaintiffs' deposit money. The plaintiffs allege that they demanded their deposit be returned after they were unable to secure financing as required by the financing contingency clause, Paragraph 9 (a), of the real estate sales contract (Contract). Paragraph 9(a) states:
 a) FINANCING: The Purchaser's obligations hereunder are contingent upon Purchaser obtaining mortgage financing in an amount not less than $800,000.00 at an interest rate not to exceed prevailing rates, amortized over a term of not less than twenty-five (25) years, and upon such other terms and conditions as are customary and prevailing at the date of execution of this agreement. Purchaser agrees to apply for such financing immediately and to pursue such application with diligence. If Purchaser is unable to secure such financing and so notifies Seller or Seller's attorney in writing on or before forty-five (45) days from the date of this agreement, then this Agreement, at Purchaser's option, shall be null and void and any payments made hereunder shall be returned immediately to Purchaser. If Purchaser fails to notify, ' Seller or Seller's attorney of the inability to secure such financing, this contingency shall be deemed satisfied and this Agreement shall continue in full force and effect.
On July 7, 2000, the plaintiffs filed a motion for summary judgment accompanied by a supporting memorandum of law, affidavit of Antonio Massaro, a statement of facts not in dispute, various correspondence between the parties and a copy of the mortgage commitment obtained by the plaintiffs from The Money Store Investment Corporation (The Money Store).
On August 28, 2000, the defendants, pursuant to Practice Book §17-44, filed an objection to the plaintiffs' motion accompanied by a memorandum of law in opposition, supporting affidavits of Kenneth and Richard Nizolek, a copy of the Contract signed by the parties and a copy of the mortgage commitment the plaintiffs obtained from The Money Store.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "A material fact has been defined adequately and simply as a fact which will make a CT Page 16083 difference in the result of the case." (Internal quotation marks omitted.) Honan v. Greene, 37 Conn. App. 137, 140, 655 A.2d 274 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Miles v. Foley. 253 Conn. 381, 386, 752 A.2d 503
(2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
The plaintiffs move for summary judgment on the grounds that there is no genuine issue as to any material fact in the complaint as the defendants materially breached their obligations under the Contract. In Massaro's affidavit, he states that the plaintiffs fully complied with the financing contingency clause, but they were refused a written mortgage commitment in the amount of $800,000 as called for under paragraph 9(a) of the Contract. The affidavit states that the plaintiffs received timely extensions to the Contract and the financing contingency clause from the defendants, however, the plaintiffs were still unsuccessful in their attempts to obtain financing. The affidavit states that, in accordance with the financing contingency clause, the plaintiffs notified the defendants of their inability to obtain financing and their intent to terminate the Contract pursuant to paragraph 9(a); and that, after repeated demands for the return of the deposit money provided by the plaintiffs to the defendants under the Contract, the deposit money has yet to be returned. (Affidavit of Antonio Massaro, dated July 5, 2000.)
The defendants argue that genuine issues of material fact exist in this case. Specifically, the defendants argue that summary judgment is inappropriate because there is a genuine issue of fact including, but not limited to, whether the plaintiffs obtained a satisfactory mortgage commitment from The Money Store. In Kenneth Nizolek's affidavit, he states that the loan commitment the plaintiffs received from The Money Store exceeded the financing contingency clause in the Contract and that the financing contingency clause "does not contain, nor did it contemplate any conditions for the $800,000, and therefore, any breakdown of the Commitment Letter between the Plaintiffs and The Money Store [was] not a condition of the Real Estate Sales Contract." (Affidavit of Kenneth CT Page 16084 J. Nizolek, dated August 26, 2000.)
"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) Tallmadge Bros., Inc. v. Iroquois GasTransmission System. L.P., 252 Conn. 479, 495, 746 A.2d 1277 (2000). In Connecticut, "[o]ur case law, however, does not set forth a test by which to determine whether contract language is sufficiently definite to warrant its review as a question of law rather than as a question of fact." Id. 496.
In the present case, the contract interpretation represents a question of law for the court because the language used in the Contract is definite and neither of the parties claims it to be ambiguous. Based on the foregoing reasons, that the plaintiffs' motion is denied because there is a genuine issue of material fact as to whether the plaintiffs obtained a satisfactory mortgage commitment from The Money Store.
The defendants also argue that there is a genuine issue of material fact as to whether the plaintiffs failed to diligently pursue financing for the property. In Kenneth Nizolek's affidavit, he states that he was informed by Massaro that Massaro would not accept the commitment letter from The Money Store "for personal reasons since he [Massaro] wanted to preclude his personal residence and other property from the Lender that provided the Commitment. Therefore, the Plaintiff improperly breached the Real Estate Sales Contract and is therefore not entitled to the return of the deposit." (Affidavit of Kenneth J. Nizolek, dated August 26, 2000.)
"[C]ourts in Connecticut imply a promise that the purchaser will exert reasonable efforts to obtain a mortgage commitment." Phillipe v. Thomas,3 Conn. App. 471, 473, 489 A.2d 1056 (1985). "Whether the plaintiff's actions constituted reasonable efforts to satisfy the contractual condition is a factual determination for the trial court." Id. The plaintiffs' motion is denied because Kenneth Nizolek's affidavit raises a genuine issue of material fact as to whether the plaintiffs used reasonable efforts to obtain financing for the property.
There are genuine issues of material fact as to whether the plaintiffs obtained a satisfactory loan commitment and whether the plaintiffs used reasonable efforts to satisfy the contractual commitment to obtain a loan commitment. Accordingly, the plaintiffs' motion for summary judgment is denied.
Howard F. Zoarski, Judge Trial Referee CT Page 16085