[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Gregory Domejczyk, at the time a middle school student in the New Britain school system, claims that he was attacked, kicked and beaten by another student on November 26, 1996 in a classroom during school hours. He further claims that the assault occurred while the classroom was unattended by his teacher, Gilbert Hatch, one of the defendants, and that the other individual defendants, all officials of the school system[1], were also negligent in failing to take actions to insure his safety while at school and in adopting a policy that resulted in his teacher's leaving the classroom unattended.
Counts one through five of the complaint allege that the defendants' negligence and, in the case of Mr. Hatch, recklessness caused Gregory Domejczyk to be attacked and beaten by John Delvalle,[2] another defendant in this case, in a classroom at the Slade Middle School. Count six alleges that the board of education's policies and subsequent CT Page 2867 handling of the attack violated Gregory Domejczyk's rights under thefourth, sixth and 14th amendments to the United States Constitution. Specifically, count six alleges that Gregory Domejczyk was arrested after the attack and charged as a juvenile delinquent pursuant to an official board of education policy that requires the victim as well as the perpetrator of an assault to be arrested.
On August 17, 2000[3] the board of education and the individual school officials filed a motion for summary judgment as to counts one through five on the ground of governmental immunity and as to count six on the ground that the complaint does not contain allegations which, if proven, would support the plaintiffs' claims of constitutional violations.
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . [I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753
(2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Honan v. Greene, 37 Conn. App. 137, 140,655 A.2d 274 (1995). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists and does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433, 362 A.2d 857
(1975).
 I Governmental Immunity
The defendants argue that they are immune from liability pursuant to a line of Supreme Court cases which hold municipalities and their employees harmless in the performance of discretionary acts. Specifically, the defendants assert that the duties in supervising the public schools and providing for the safety of persons on school property involve discretionary duties and, consequently, teachers and school administrators cannot be held liable for injuries resulting from alleged CT Page 2868 breaches of those duties. The plaintiff's counter that the facts of this case bring it under one of the exceptions to the rule of governmental immunity for discretionary acts; namely, the exception which applies in circumstances where the municipal employee or officer knew or should have known that his or her failure to act would likely subject an identifiable person to imminent harm. The defendants respond that the exception does not apply in this case because the risk of harm to the plaintiff was not foreseeable nor was it limited in time or geographic area.
The supervision of school children has been held to be a discretionary act, Purzycki v. Fairfield, 244 Conn. 101, 108 (1998), and the plaintiffs do not contest that the actions of the defendants here involved the exercise of discretion. Consequently, the plaintiffs' claims must fall within one of the recognized exceptions to qualified immunity for discretionary acts. The plaintiffs also concede that the only exception to the qualified immunity of a municipal employee for discretionary acts that is relevant to the present case is the exception permitting a tort action in circumstances of likely imminent harm to an identifiable person. Evon v. Andrews, 211 Conn. 501, 505 (1989).
The affidavits, deposition excerpts and documentation submitted by the parties demonstrate that the material facts are not really in dispute, but I cannot conclude that the defendants are entitled to judgment as a matter of law.
On November 26, 1996 Gregory Domejczyk was a sixth grade student at Slade Middle School. Sometime during the day, an altercation occurred between him and Mr. Delvalle in Mr. Hatch's classroom.[4] At the time of the altercation, Mr. Hatch was not in the room. The policy at Slade Middle School was for teachers to stand in the hall outside their classrooms prior to the commencement of school and between class periods in order to supervise students. (Affidavit of Gerri Brown-Springer, ¶ 6.) Prior to November 26, 1996, Mr. Domejczyk had complained on several occasions to Mr. Hatch as well as to other school officials that children picked on him and called him names. (Deposition of Gilbert Hatch, p. 72; Deposition of Gregory Domejczyk.) Contained in Mr. Domejczyk's official school record is a note, dated September 9, 1996, stating that he had been punched by another student earlier in the day and that his parents were called and asked to come to the school for a conference "ASAP." (Plaintiffs' Memorandum, Exhibit 5.) There is another note, dated October 10, 1996, stating that the situation with Mr. Domejczyk had gotten to the point that "kids want to hurt him." (Plaintiffs' Memorandum, Exhibit 5.) A third note, dated October 25, 1996, barely a month before the alleged assault, states that Ms. Brown-Springer observed Mr. Domejczyk in the middle of a fight before the start of school and states that "he is supposed to be in the front office CT Page 2869 every morning." (Plaintiffs' Memorandum, Exhibit 5.) The school record also contains reports of various altercations involving Mr. Domejczyk as well as complaints against him lodged by several students. (Plaintiffs' Memorandum, Exhibit 5.)
The plaintiffs principally rely on two Supreme Court decisions in which governmental immunity was held not to be a defense to claims of negligent supervision of students. In the first of these cases, Burns v. Board ofEducation, 228 Conn. 640 (1994), the plaintiffs brought an action against several school officials after their son slipped and fell on ice while on a main accessway of his school. Id., 650. The Supreme Court stated that, "[a]t least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated." Id., 649. The court concluded that "the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity [was] no defense." Id., 650.
In Purzycki v. Fairfield, supra, 244 Conn. 101, a case more on point to the present case, the plaintiffs brought a negligence action against the school board on behalf of their second-grader after a fellow student tripped him in a hallway on the way to recess. At the time of the incident it was the school's policy to dismiss the children from the cafeteria and allow them to proceed, unsupervised, to the playground. Id., 104. On appeal to I the Supreme Court, the plaintiffs argued that the imminent harm/identifiable person exception to the doctrine of governmental immunity applied in their case because "[t]he danger of the . . . child's unsupervised use of the school hallways during recess was of an imminent nature as it was limited to the one-half hour lunch recess of the second grade lunch period for each day the child was compelled by statute to be on school premises." (Internal quotation marks omitted.) Id., 106. In holding that the exception applied, the Supreme Court noted that the facts of the case were similar to the facts in Burns v. Board ofEducation, supra, 228 Conn. 640. "In Burns, it was critical to our conclusion that governmental immunity was not a defense that the danger was limited to the duration of the temporary . . . condition . . . [and that] the potential for harm . . . was significant and foreseeable . . . Similarly, the present case involves a limited time period and limited geographical area, namely, the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess. Also, it involves a temporary condition, in that the principal testified that every other aspect of the lunch period involved supervision. Finally, the risk of harm was significant and CT Page 2870 foreseeable; as shown by the principal's testimony that if elementary schoolchildren are not supervised, they tend to run and engage in horseplay that often results in injuries." (Citation omitted; internal quotation marks omitted.) Purzycki v. Fairfield, supra, 244 Conn. 110. See also Colon v. New Haven, 60 Conn. App. 178, 187-88 (2000) (no immunity where child struck by classroom door while passing in school hallway); Bonamico v. Middletown, 49 Conn. App. 605, 606 (1998) (no immunity where child injured by bean pellet thrown at her while walking down school corridor).
The defendants cite two Superior Court cases as support for their argument that the identifiable person/imminent harm exception to governmental immunity does not apply to the facts of this case. In the more recent of the two, Doe v. New Haven Board of Education, Superior Court, judicial district of New Haven, Docket No. 443427 (September 25, 2001, Jones, J.), the plaintiff brought a negligence action against the defendant school board after she was sexually assaulted by three male students in an empty classroom where she had gone to retrieve her lunch money. The complaint alleged that the defendant "failed to provide an adequate number of hall monitors, failed to establish an adequate means of assuring that students were present at their assigned location, failed to secure vacant rooms, and failed to properly supervise students with disciplinary problems." Id. Relying on I Evon v. Andrews, supra,211 Conn. 501, the court granted the defendant's motion to strike, concluding that the complaint failed to allege sufficient facts to establish that the plaintiff was an identifiable person subject to imminent harm. Id. "Like the risk of fire, the risk of assault can occur, if at all, at some unspecified time in the future." Doe v. NewHaven Board of Education, supra, Superior Court, Docket No. 443427.
The defendants also cite Caruso v. Demartino, Superior Court, judicial district of New Haven at New Haven, Docket. No. 371907 (November 2, 1995, Zoarski, J.). There, the plaintiff sued the defendant board of education for negligent supervision after he was assaulted by another student at an after-school basketball game. In granting the defendant's motion to strike the negligence count, the court stated that "[t]he risk of an assault implicates a wide range of factors that can occur, if at all, at some unspecified time in the future." (Internal quotation marks omitted.) Id. "The plaintiff has failed to allege facts sufficient. to support a conclusion that [he] was an `identifiable person' subject to `imminent harm' by virtue of his participation in an after-school basketball game . . . and the defendant board of I education is immune from tort liability on the ground that the supervision of students is a discretionary governmental duty." Id.
Taking the Caruso case first, it was decided prior to the Supreme CT Page 2871 Court's decision in Purzycki and the Appellate Court decisions in Colon
and Bonamico, and its narrow reading of the imminent harm exception to governmental immunity seems inconsistent with those decisions. Nor is there any indication in the opinion that the student-plaintiff there had been singled out by the school as someone who required close supervision while on school premises, as had Mr. Domejczyk here. Finally, it dealt with conduct occurring outside of the normal school day. Doe was decided since Purzycki and took its teaching into account. The critical difference between Doe and this case is that it was decided on a motion to strike, and the complaint there did not indicate exactly when, where, and for what period of time the plaintiff was subject to a risk of harm, nor does it allege that the assault occurred during school hours", making it impossible for the court to determine whether the plaintiff was subject to imminent harm, as that term had been defined in Purzycki.[5]
The present facts are sufficiently analogous to Purzycki, Colon andBonamico to compel the conclusion that the qualified immunity the defendants enjoy does not shield them from this action. There is a genuine issue of material fact as to whether the defendants knew or should have known that Gregory Domejczyk, individually, was subject to imminent harm. Specifically, there are the notes contained in his official school record, starting more than two months before the assault, stating (1) that Domejczyk had been punched by another student, and his parents had been summoned to the school "ASAP"; (2) that the situation had gotten to the point in early October that "kids want to hurt him" and (3) that he was supposed to be in the front office every morning before school. These same notes contain reports of several altercations involving Mr. Domejczyk as well. A trier of fact could reasonably infer from the record that the defendants had identified him as an individual in need of close supervision for his own protection or for the protection of others.
The defendants also argue that the identifiable person/imminent harm exception to governmental immunity i not applicable in the present case because the harm to Mr. Domejczyk was not limited in time or geographic scope, as required under Burns and Purzycki. Specifically, the defendants argue that "this incident could have happened at any time or any place when the minor plaintiff was unsupervised and/or unattended nor would this qualify as a temporary condition. " (Defendants' Reply Memorandum, p. 5.) According to Gerri Brown-Springer's affidavit, however, it was the official policy of the school to have teachers standing outside their classrooms or in the hallways prior to the commencement of school and in between classes. This left students, including Mr. Domejczyk, unsupervised in Mr. Hatch's classroom for a specific and limited duration of time. In Purzycki v. Fairfield, supra, 244 Conn. 110, the Supreme Court found a policy which left students unsupervised for a thirty minute CT Page 2872 interval to be sufficiently limited in time to defeat a governmental immunity defense. Moreover, the court considered the danger in that case to be a temporary condition where "every other aspect of the lunch period involved supervision. " Id. Although the defendants argue that the danger in this instance was not a temporary condition because the altercation could have happened at any time or place, they present nothing to support that argument. Specifically, they do not claim that students at Slade Middle School were unsupervised at any other time during the day other than before the commencement of school and in between classes. If these were the only times students were unsupervised, a trier of fact might reasonably conclude, under Purzycki, that the danger was of a temporary nature.
The party seeking summary judgment has the burden of showing the absence of any genuine issue of material fact which, under applicable principles of substantive law, entitle him or her to judgment as a matter of law. The defendants have not met that burden. Accordingly, the defendants' motion for summary judgment. as to counts one through five of the complaint is denied.
 II Constitutional Claims
Count six alleges that the defendants' policies and handling of the attack on Gregory Domejczyk violated his rights under, the fourth, sixth
and 14th amendments to the United States Constitution. Specifically, the plaintiffs allege that Mr. Domejczyk's arrest after the November 26, 1996 altercation was the "result of an official Board of Education policy and/or custom that required the victim, as well as the perpetrator, of an assault to be charged with a crime and as a delinquent" and that the "aforementioned injuries, arrest, and delinquency charges against [Domejczyk] amounted to a deprivation of his rights to learn, to be safe in school, to a hearing before his arrest, to be free from arrest, and to substantive due process." (Complaint, ¶¶ 14 b-d.) The defendants argue that count six does not contain allegations which, if proven, would support the plaintiffs' claims. of constitutional violations.
Inasmuch as the plaintiffs have filed no opposition to the defendants' motion for summary judgment as it attacks count six, this issue is easily resolved. "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material facts together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership 243 Conn. 552, 554 (1998). Since the materials submitted by the defendants in support of their motion as to count six on their face CT Page 2873 dispose of any putative factual or legal disputes[6], and the plaintiffs have failed to present anything in opposition to those submissions, the motion for summary judgment is granted as to count six.
 Conclusion
For the foregoing reasons, the court denies the defendants' motion for summary judgment as to counts one through five and I grants the defendants' motion as to count six.
BY THE COURT
Joseph M. Shortall, J.