[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE INTERLOCUTORY MANDAMUS
The plaintiff, Joseph Pierni, is a limited partner of the defendant, terrace Realty Associates (Terrace Realty), a Connecticut limited partnership. Terrace Realty is a limited partner of Windsor Realty Associates, a New York limited partnership, which owns an apartment complex in White Plains, New York. In this action, the plaintiff seeks an accounting and damages for an alleged breach of contract.
On October 7, 2002, the parties appeared at the miscellaneous/special proceedings calendar in response to the plaintiffs motion (#113) seeking an "interlocutory order of mandamus," as authorized by General Statutes § 52-493 and Practice Book § 23-47.[1] The plaintiff claimed that the defendant was denying him access to the books and records of the defendant.
"Mandamus is an extraordinary remedy. It is designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance." (Internal quotation marks omitted.) Gelinas v. WestHartford, 225 Conn. 575, 586, 626 A.2d 259 (1993). "Mandamus neither gives nor defines rights which one does not already have. . . . It acts upon the request of one who has a complete and immediate legal right; it cannot and does not act upon a doubtful and contested right." (Internal quotation marks omitted.) Sterner v. Saugatuck Harbor Yacht Club, Inc.,188 Conn. 531, 533-34, 450 A.2d 369 (1982). In an action for a writ of mandamus, the plaintiff bears the burden of proving the "deprivation of a `clear legal right' that warrants the imposition of such an extraordinary remedy." (Internal quotation marks omitted.) Honan v. Greene,37 Conn. App. 137, 143, 655 A.2d 274 (1995).
Whether the plaintiff is entitled to an interlocutory writ of mandamus turns on the nature and extent of the rights of a limited partner viz-a-viz the limited partnership in which he holds an interest. General CT Page 1420 Statutes § 34-18 outhnes the rights of a limited partner, which include inspecting and copying "any of the partnership records required to be maintained by section 34-13c." In addition, a limited partner has the right to "[o]btain from the general partners from time to time on reasonable demand (i) true and full information regarding the state of the business and financial condition of the limited partnership, (ii) promptly after becoming available, a copy of the limited partnership's federal, state and local income tax returns for each year and (iii) other information regarding the affairs of the limited partnership as is just and reasonable." General Statutes § 34-18 (2).
The partnership records required to be kept by the limited partnership to which a limited partner must be afforded access are set forth in detail in General Statutes § 34-13c.[2] The plaintiff claims that he has been denied access to some or all of these books and records, but the defendant claims that it has already forwarded to the plaintiff all the material and records required by General Statutes § 34-13c.
"A party seeking a writ of mandamus must establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law. . . . Even satisfaction of this
demanding test does not, however, automatically compel issuance of the requested writ of mandamus. . . . In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity." (Citations omitted; internal quotation marks omitted.)Hennessey v. Bridgeport, 213 Conn. 656, 659, 569 A.2d 1122 (1990).
The plaintiff has a clear legal right to the documents and records outhned in General Statutes § 34-13c. The defendant does not have the discretion to select only some of these records or to designate where they will be available. The plaintiff is therefore entitled to the issuance of an interlocutory order of mandamus that he be afforded access at the defendant's office on reasonable demand to the records, books and documents referred to in General Statutes § 34-13c, even thought some of these documents may have been previously furnished to him. See also General Statutes § 34-18 for other documents and records that must be furnished to a limited partner.
So Ordered.
Dated at Stamford, Connecticut, this day of January 2003. CT Page 1421
 ___________________ William B. Lewis, Judge (T.R.)