LANNELL REED EMMERSON *v.* SUPER 8
MOTEL-STAMFORD ET AL.
(AC 19724)

Lavery, C. J., and Mihalakos and Zarella, Js.

Submitted on briefs June 14—officially released August 22, 2000

*Lannell Reed Emmerson*, pro se, the appellant (plaintiff), filed a brief.

*Stuart G. Blackburn* filed a brief for the appellees (defendants).

*Opinion*

ZARELLA, J. The plaintiff, Lannell Reed Emmerson, appeals from the judgment of the trial court rendered on the granting of the defendants[1] motion for summary judgment. The plaintiff claims that the trial court's

---

[1] The defendants in this action are Super 8 Motel-Stamford, Super 8 Northeast, Inc., and Super 8 Motels, Inc.

granting of the motion was (1) improper because genuine issues of material fact existed and (2) premature as the pleadings were not closed prior to the filing of the summary judgment motion. We affirm the judgment in part and reverse it in part.

The following facts and procedural history are necessary to our disposition of this appeal. In his complaint, the plaintiff alleged that on November 12, 1997, he was a paying guest at the defendant Super 8 Motel-Stamford. On that date, the plaintiff claimed that he delivered his automobile, attached trailer and personal property to the motel. The plaintiff claimed that on that day he asked the employees of the motel to provide a safe place for his vehicle and its belongings, which they agreed to do. The plaintiff moved the vehicle to the location in the parking lot as directed. The plaintiff additionally alleged that the defendants negligently failed to deliver the property back to the plaintiff.

In the second count of his complaint, the plaintiff alleged that as a result of the defendants' failure to protect his car against criminal activity, his car was broken into and $36,000 was stolen from the glove compartment. The third count makes additional allegations of negligence with respect to the inadequacy of the lighting, and the fourth count alleges that the defendant negligently failed to render aid to the plaintiff.

The defendants filed a motion for summary judgment claiming that they had satisfied their obligations to the plaintiff pursuant to General Statutes § 44-1[2] and there-

___

[2] General Statutes § 44-1 provides: "The proprietor of a hotel or inn shall not be liable for the loss of or damage to any securities, bank notes, money, jewelry, precious stones, watches or other valuables belonging to, or brought to such hotel or inn by, a guest of such hotel or inn unless such guest has delivered such property to the person in charge of the office of such hotel for safekeeping and taken a written receipt therefor, provided such proprietor shall have posted in the room of such guest or in the office of such hotel or inn a notice to the effect that such proprietor has provided a safe for the keeping of valuables, and such proprietor shall not be liable for more than five hundred dollars damages for the loss of or damage to such

fore were not liable for the plaintiff's loss. The defendants supplied the court with affidavits attesting to the fact that the appropriate notice as required by § 44-1 was posted in the plaintiff's room. Additionally, the defendants supplied the court with pictures of notices posted in the parking lot and motel lobby stating that the motel would not be responsible for "patrons vehicles and/or contents." The plaintiff provided the court with an affidavit setting forth the allegations contained in his complaint and further averring that he did not see any of the signs or notices. Additionally, the plaintiff attested that Super 8 Motel-Stamford never advised him that there was a safe on the premises or that the notices were posted.

The court granted the defendants' motion for summary judgment on all counts. The court found that as a matter of law the defendants were protected from liability pursuant to § 44-1 and there was no genuine issue as to any material fact.

"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . *Tarzia* v. *Great Atlantic & Pacific Tea Co.*, 52 Conn. App. 136, 145, 727 A.2d 219 (1999).

property so delivered unless such guest has declared a greater value and such proprietor has given a written receipt stating such value."

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). Because the trial court rendered judgment for the defendants as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995)." (Internal quotation marks omitted.) *Kramer* v. *Petisi*, 53 Conn. App. 62, 66–67, 728 A.2d 1097, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999).

I

The plaintiff claims first that the motion for summary judgment was improperly granted because a genuine issue of material fact existed. We are unpersuaded.

"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotation marks omitted.) *Barrett* v. *Danbury Hospital*, 232 Conn. 242, 255, 654 A.2d 748 (1995).

General Statutes § 44-1 shields a hotel or inn that properly has posted notice from liability for the loss or

damage to valuables brought to the hotel by a guest unless the guest takes certain steps. These steps include delivery of the valuables to the person in charge of the hotel for safekeeping and obtaining a written receipt for the item. In this case, the plaintiff does not allege in his complaint nor does he set forth in his affidavit that he received any receipt for the valuable items. Thus, the only issue is whether there is any genuine issue of material fact regarding the posting of the notice.[3] Three affidavits were presented regarding the posting of the notice in the plaintiff's room, each attesting to the fact that the notice was properly posted. The plaintiff's affidavit does not state that the notice was not posted, but rather, only that he did not see it. Whether the plaintiff saw the notice is not a genuine issue of material fact, as the statute does not require that the plaintiff see the notice to afford the hotel or inn the protections of the statute. The plaintiff's affidavit is, therefore, inadequate to raise an issue of material fact.

In his complaint, the plaintiff also alleged that his car was damaged as a result of the defendants' negligence. The plaintiff claims on appeal that the trial court improperly granted the defendants' motion for summary judgment in part because § 44-1 does not provide the defendants with immunity for the damage done to his automobile. We agree.

Pursuant to General Statutes § 44-2, a proprietor of a hotel may be held liable for damage to property if such damage is caused by the negligence of the proprietor or any of his employees.[4] Section § 44-2 addresses damage

---

[3] The statute does not require that hotel personnel tell the guest of the notice or its contents, nor does it require hotel personnel to advise the guest orally that the hotel has a safe. These arguments, as presented by the plaintiff, need not be further addressed.

[4] General Statutes § 44-2 provides: "The proprietor of a hotel or inn shall not be liable for the loss of or damage to any property belonging to, or brought to such hotel or inn by, a guest of such hotel or inn other than the property described in section 44-1 and not in the room assigned to such guests unless such loss or damage is caused by the negligence of such

to property "other than the property described in section 44-1 . . . ." Although § 44-1 limits liability for loss of or damage to "any securities, bank notes, money, jewelry, precious stones, watches or other valuables," damage to an automobile is not governed by § 44-1. Rather, § 44-2, entitled "Loss of other property," governs the plaintiff's claim for damage to his automobile.

The court, in its memorandum of decision, granted the defendants' motion for summary judgment because "the defendants are protected from liability pursuant to General Statutes § 44-1." We conclude that the plaintiff's claim for damage to his automobile is governed by § 44-2, and, therefore, the motion for summary judgment was not properly granted as to that claim.

## II

The plaintiff also claims that the motion for summary judgment should not have been acted on because it was premature. Specifically, he claims that because the pleadings were not yet closed, the court should not have taken action on the summary judgment motion. We disagree.

Practice Book § 17-44 provides in relevant part: "In any action, except administrative appeals which are not enumerated in Section 14-7, any party may move for a summary judgment *at any time*, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. . . ." (Emphasis added.) We need

proprietor or any of his employees, and such proprietor shall not be liable for more than one thousand dollars damages for any loss or damage so caused, provided, if any such property is deposited in the checkroom or baggage room of any such hotel or inn and a check or written receipt taken therefor, the proprietor of such hotel or inn shall be liable for the loss of or damage to such property to the extent of three hundred and fifty dollars, and provided such proprietor shall not be liable for more than one thousand dollars damages for the loss of property from the room assigned to such guest."

only to point out that Practice Book § 17-44 states that a motion for summary judgment may be filed "at any time" prior to assignment for trial.

The judgment is reversed only insofar as it applies to the plaintiff's claim for damages to his automobile, and the case is remanded for further proceedings in accordance with law. In all other respects, the judgment is affirmed.

In this opinion the other judges concurred.