[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
All that remains of a three-count complaint filed by the plaintiff as a result of his discharge from employment by the defendant is count one, which alleges that he was wrongfully discharged in violation of General Statutes § 31-51m(b), which provides that "No employer shall discharge . . . any employee because the employee . . . reports . . . a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body. . . ."[1] Count one alleges that the plaintiff was discharged not for insubordination, as claimed by the defendant, but because he refused to submit "erroneous information" as part of a grant report the defendant was submitting to a state agency.
The defendant has now moved for summary judgment on the remaining count, claiming that the complaint was filed beyond the 90-day limitations period contained in the same statute that creates the cause of action alleged in count one. General Statutes § 31-51 m(c) authorizes a discharged employee to bring a civil action alleging a violation of this "whistleblower" statute, "after exhausting all available administrative remedies", but the action must be brought "within ninety days of the date of the final administrative determination or within ninety days of such violation, whichever is later. . . .".[2]
The defendant's motion has caused a veritable blizzard of paper to descend upon the court, but the issues are essentially three in number. First, Is a claim for unemployment compensation by the plaintiff the kind of "administrative remedy" contemplated by the statute, so that his filing of this action within 90 days of an adverse determination by the Employment Security Board of Review comports with the statute's limitations period? Second, Are there genuinely disputed material facts as to the plaintiff's claim that the defendant fraudulently concealed from him the existence of his cause of action? Third, Is the defendant equitably estopped from asserting a statute of limitations defense by its alleged concealment of the cause of action?
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks CT Page 7977 omitted.) Honan v. Greene, 37 Conn. App. 137, 140, 655 A.2d 274 (1995). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co., 44 Conn. App. 657,663, 691 A.2d 1107 (1997). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 386, 752 A.2d 503 (2000).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Emmerson v. Super 8 Motel-Stamford,59 Conn. App. 462, 466, 757 A.2d 651 (2000). "Summary judgment may be granted where the claim is barred by the statute of limitations." Dotyv. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitations grounds when "material facts concerning the statute of limitations [are] not in dispute. . . ." Burnsv. Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984).
1. The Effect of the Unemployment Compensation Proceeding
The plaintiff was discharged from his employment on April 7, 1997. This action was not commenced until March 21, 2000, when it was served on the defendant. Stingone v. Elephant's Trunk Flea Market, 53 Conn. App. 725
(1999). To avoid the effect of the 90-day limitations provision the plaintiff argues that he "applied for and pursued his administrative remedies through the Unemployment Compensation Commission until December 1, 1999 when he was forced to appeal to the Superior Court on December 30, 1999. Thereafter and within the 90 days provided by C.G.S. §31-51m(c), and before the conclusion of this administrative determination as provided in C.G.S. § 31-249a b, the Plaintiff filed this lawsuit on March 8, 2000." (Plaintiffs Memorandum, dated February 13, 2001, p. 3.)[3] The defendant argues that the plaintiff's claim is barred by the statute of limitations because a claim for unemployment benefits is not an administrative remedy within the meaning of § 31-51m(c).
The plaintiff has cited no authority nor could any be found for the proposition that a claim for unemployment benefits is an administrative remedy pursuant to § 31-51m(c). To constitute such a remedy a CT Page 7978 proceeding must be such as would afford the plaintiff "meaningful relief' from his alleged unlawful discharge. Burnham v. Karl and Gelb,252 Conn. 153, 168-69 (2000). See, e.g., Brotherton v. Burndy Corp., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 8722481 (Sept. 24, 1990). The plaintiff's pursuit of unemployment compensation benefits does not qualify as such a remedy because, even if successful, it would not lead to the plaintiff's reinstatement. Consequently, his pursuit of unemployment compensation benefits did not extend the period within which he was obligated to bring this action.
2. The Claim of Fraudulent Concealment
The plaintiff argues that General Statutes § 52-595[4] tolls the statute of limitations because the defendant fraudulently concealed the plaintiff's cause of action. The defendant responds that the plaintiff has failed to establish a factual predicate for the defendant's alleged fraudulent concealment so as to avoid summary judgment.[5]
There are three elements to a cause of action for fraudulent concealment: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiff's cause of action; (2) the defendant's intentional concealment of these facts from the plaintiff; and (3) the defendant's concealment of the facts for the purpose of obtaining delay on the plaintiff's part in filing a complaint on his cause of action. Bartone v. Robert L. Day Co., 232 Conn. 527,533, 656 A.2d 221 (1995). To meet this burden, the plaintiff has "to prove fraudulent concealment by the . . . exacting standard of clear, precise, and unequivocal evidence." (Internal quotation marks omitted.) Id.
"We have . . . held . . . that even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact. See, e.g., Connell v. Colwell, [214 Conn. 242, 251,571 A.2d 116 (1990)] (summary judgment granted in issue of fraudulent concealment). . . ." Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240,250, 618 A.2d 506 (1992).
The plaintiff has failed to establish such a factual predicate. The only documentation he has submitted in support of his objection to the summary judgment motion is his own affidavit. "It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Emmerson v. Super 8CT Page 7979Motel-Stamford, 59 Conn. App. 462, 466, 757 A.2d 651 (2000).
Specifically, the plaintiff has offered no evidence other than his assertion from which it could be inferred that the defendant intentionally concealed the "real" reason for the plaintiff's termination and did so with the intent to delay or prevent him from filing suit.
Indeed, it is clear from the plaintiff's submissions that, at the timehe was discharged, he believed he had a cause of action because he believed, based on his correspondence and discussions with town official that he had been discharged by reason of his refusal to submit to the state, on behalf of the defendant, information he thought to be false. Furthermore, during the course of the unemployment compensation proceedings he learned more about what he considered to be the defendant's "true" motivation to discharge him, and he learned this in 1998, long before this action was commenced in March 2000.
"The statute of limitations begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof."Merly v. State, 211 Conn. 199, 206 (1989). The doctrine of fraudulent concealment cannot be used by a plaintiff to toll a statute of limitations "when the plaintiff discovers some form of actionable harm", i.e., "when the plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injury". Mountaindale Condominium Assn.,Inc. v. Zappone, 59 Conn. App. 311, 323 (2000).
The facts of the last-cited case are instructive on the interrelation of a plaintiff's knowledge of the existence of a cause of action and a claim of fraudulent concealment. Mountaindale was a suit by a condominium association against various defendants for damages from violations of various building and fire codes in the construction of the condominium complex. There was evidence submitted in connection with a summary judgment motion that the condominium president knew in 1989 that the condo units, inter alia, lacked fire walls extending into their attics, but the action was not brought until 1995, beyond the statutes of limitations for actions for reckless damage to personal property (General Statutes § 52-584) and torts generally (General Statutes § 52-577).
To avoid the effect of the statutes the plaintiff there argued fraudulent concealment, i.e., that the defendants, two of whom were the building inspector and the town in which the condominium was constructed, had concealed the code violations by issuing certificates of occupancy when they knew that the units did not comply with the applicable codes. The plaintiff further argued that it did not become aware of exactly which building code requirements applied to it until CT Page 7980 1993, and that it brought the action within the required time period thereafter.
Because "there was no genuine issue of material fact that the plaintiff, through its president, Portanova, knew there were problems with the construction of fire walls in the attics in 1989, although he did not know of the specific violation of the building code until years later", the trial court held that the plaintiff could not successfully establish fraudulent concealment. Id., 322. The Appellate Court went further, holding that, "(b)ecause we conclude that the [trial] court properly determined that there was no genuine issue of material fact that the plaintiff knew of actionable harm in 1989 and that its cause of action was time barred, we need not reach the issues of constructive notice and fraudulent concealment". (Emphasis added.) Id., 319.
The plaintiff in this case knew when he was fired in 1997 that he had suffered harm, and that the defendant was the agent of that harm. The fact that he may not have had the evidence he later secured through the unemployment compensation proceeding of what he claims was the actual cause of his discharge makes his situation analogous to the condominium's in Mountaindale. That is to say, he knew he had a cause of action, but he didn't know what evidence would become available to him to prove his allegations after the action was brought.[6]
Given the plaintiff's own knowledge, nothing in his submissions establishes a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists as to his claim of fraudulent concealment by the defendant.
3. Equitable Estoppel
". . . [c]ourts, applying equitable principles, have laid down the doctrine of equitable estoppel by which a defendant may be estopped by his conduct from asserting defenses such as the statute of limitations.Morris v. Costa, 174 Conn. 592, 599, 392 A.2d 468 (1978)." (Internal quotation marks omitted.) Williams v. Bartlett, 189 Conn. 471, 483 n. 9,457 A.2d 290, appeal dismissed, 464 U.S. 801, 104 S.Ct. 46, 78 L.Ed.2d 67
(1983). "There are two essential elements to an estoppel — the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done. . . . Further, [i]t is the burden of the person claiming the estoppel to show that he exercised due dingence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convement means of acquiring that knowledge." (Citation omitted; CT Page 7981 internal quotation marks omitted.) Green v. Connecticut DisposalService, Inc., 62 Conn. App. 83, 91, ___ A.2d ___ (2001). Because the factual allegations underlying this claim of the plaintiff's are the same as those supporting his claim of fraudulent concealment, the same problem besets this claim, i.e., the plaintiff has failed to establish the necessary factual predicate to avoid summary judgment. Specifically, the plaintiff has offered no evidence from which it could be inferred that he changed his position, thereby incurring some injury, in reliance on anything the defendant intentionally did or said. Instead, the plaintiff only states in his affidavit that, when he was discharged on April 7, 1997, under a claim of insubordination, he had no proof as to what he believed the actual reason for his discharge to be. As pointed out above, the plaintiff's submissions establish that, while he may not have had sufficient "proof' at the time of his discharge to establish his claim that it was for a reason other than the claimed insubordination, he had enough information to believe and did believe that his discharge was for a retaliatory purpose. Therefore, he had reason to believe that he had suffered "actionable harm", yet he delayed bringing suit until almost three years later.
The plaintiff brought this action more than 90 days after he was discharged, and the limitations period was not tolled by his pursuit of an administrative remedy. Further, the plaintiff has failed to establish a factual predicate for his claims of fraudulent concealment and equitable estoppel. Therefore, material facts concerning the statute of limitations are not in dispute.[7]
The action is untimely and barred by § 31-51m(c). Accordingly, the motion for summary judgment is granted.
BY THE COURT
SHORTALL, J.