[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved for summary judgment as to the plaintiff's complaint.
On March 1, 2000, the plaintiffs, Kendall Wallace and Erik Vargas, filed a four count complaint against the defendants, Spirit Rent A Car, Inc. (Spirit), and Allstate Insurance Company, alleging the following facts. On February 3, 1999, Vargas was a passenger in a rental motor vehicle operated by Wallace and owned by Spirit. Subsequently, a motor vehicle crossed over the yellow center dividing lines of Mark Twain Drive and traveled into the southbound lane of travel and struck the vehicle operated by Wallace.
In the complaint, the plaintiffs allege that Spirit, as owner of the vehicle in which the plaintiffs were traveling, is liable to the plaintiffs for uninsured motorist benefits pursuant to General Statutes § 38a-336[1] (counts one and three). On September 5, 2000, Spirit filed a motion for summary judgment on the grounds that: (1) at the time of the accident, the plaintiffs were not authorized to use the vehicle and therefore Spirit is not liable to pay uninsured motorist benefits and (2) under the terms of the rental agreement, no coverage is extended to the "class" of customers using the rental vehicle.[2] On October 27, 2000, the plaintiffs filed an objection to Spirit's motion for summary judgment and a memorandum of law,[3] arguing that while both of the plaintiffs were not "authorized users" under the terms of the rental agreement, they were using the motor vehicle with the permission of the renter and with a reasonable belief that they were entitled to do so.
On October 30, 2000, Spirit filed a response to the plaintiffs' objection. On December 12, 2000, the plaintiffs filed a supplemental CT Page 8890 addendum to their objection, containing the affidavit of Erik Vargas, dated December 6, 2000. On February 1, 2001, Spirit filed a supplemental brief, and on February 14, 2001, the plaintiffs filed a supplemental brief. On May 9, 2001, the plaintiffs filed a supplemental brief, arguing for the first time that Spirit must provide the plaintiffs with uninsured motorist benefits pursuant to General Statutes § 14-154 (a).[4] On May 31, 2001, Spirit filed a supplemental response.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Honan v. Greene, 37 Conn. App. 137, 140, 655 A.2d 274 (1995). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co., 44 Conn. App. 657,663, 691 A.2d 1107 (1997). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 386, 752 A.2d 503 (2000).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Emmerson v. Super 8 Motel-Stamford,59 Conn. App. 462, 466, 757 A.2d 651 (2000).
Spirit argues pursuant to Pedevillano v. Bryon, 231 Conn. 265,648 A.2d 873 (1994), that there is no genuine issue of material fact because under the terms of the rental agreement the plaintiffs were not authorized to operate the vehicle. Therefore, since the plaintiffs were not in lawful possession of the vehicle, Spirit is entitled to judgment as a matter of law. In support of the motion, Spirit submitted the affidavit of Chad Bennett, an employee of Spirit. According to the affidavit, Sherron Slater entered into a written rental agreement for the lease of the subject vehicle. Spirit also submitted a copy of the rental agreement which states that "[n]o one except renter or an authorized licensed driver over the age of 21 may use or operate this vehicle." The CT Page 8891 rental agreement expressly defines who is authorized to operate the vehicle as "the Renter designated on the front of this Agreement and the Renter's legal spouse provided that each is at least 21 years of age."
The plaintiffs admit that they were not "authorized users" under the terms of the rental agreement. (Plaintiffs' Memorandum, dated October 26, 2000, p. 1.) Nevertheless, the plaintiffs argue that they were using the vehicle with the permission of the renter, Slater, and with a reasonable belief that they were entitled to do so. The plaintiffs submit affidavits in which they state that Slater granted Wallace permission to operate the rental car. (Affidavit of Kendall Wallace, dated October 26, 2000, ¶ 2; Affidavit of Erik Vargas, dated December 6, 2000, ¶ 2.) The plaintiffs further argue that they are entitled to uninsured motorist benefits pursuant to § 14-154 (a).[5]
In Pedevillano v. Bryon, supra, 231 Conn. 265, the plaintiff sought to recover pursuant to § 14-154 (a) from a rental car company for personal injuries sustained in an automobile accident allegedly caused by the negligent operation of a leased vehicle. At the time of the accident, the company's vehicle was being driven by a third party, not by the lessee. The Supreme Court held that the rental company was not liable for the damages caused because the driver was not an "authorized driver" within the meaning of the lease agreement. The Supreme Court explained that: "We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of thecontract of rental." (Emphasis in original; internal quotation marks omitted.) Id., 268. Thus, Pedevillano v. Bryan, supra, 231 Conn. 268, "makes clear that the lessor is not liable under the statute even when the lessee allows another party to drive the vehicle." Blackwell v.Bryant, 45 Conn. App. 26, 31, 692 A.2d 862 (1997).
Under the holding of Pedevillano v. Bryon, supra, 231 Conn. 265, the plaintiffs may not seek uninsured motorist benefits pursuant to § 14-154
(a). "Pedevillano establishes that a lessor's liability for uninsured motorist benefits arises out of the authorized use of its rental vehicle under the terms of the rental contract." McNeal v. Deloughery, Superior Court, judicial district of New Haven at New Haven, Docket No. 372339 (October 24, 1995, Martin, J.) (15 Conn.L.Rptr. 302, 303). Here, the rental agreement clearly provides that no one other than Slater or her legal spouse was authorized to operate the vehicle. Moreover, Pedevillanov. Bryon, supra, 231 Conn. 267-68, focuses on authorization as derived from the contract of rental; Slater's "permission" granted to the plaintiffs to operate the vehicle is irrelevant for purposes of Spirit's liability. Thus, Wallace was not in lawful possession of the vehicle CT Page 8892 under the terms of the rental agreement when the accident occurred. Consequently, Spirit is not liable to the plaintiffs for uninsured motorist benefits. See Castro v. Altra Auto Rental, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 111309 (February 9, 1996, Fasano, J.) (16 Conn.L.Rptr. 169) (holding that a lessor of a vehicle operated by an unauthorized driver is not liable to a passenger for uninsured motorist benefits); McNeal v. Deloughery, supra,15 Conn.L.Rptr. 303 (holding that a lessor of a vehicle operated by an unauthorized driver is not liable to a passenger of a leased vehicle for uninsured motorist benefits); Vaughn v. Camrac, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 462307 (February 10, 1995, Handy, J.) (13 Conn.L.Rptr. 522) (holding that a lessor of a vehicle is not liable to an unauthorized operator of a leased vehicle for uninsured motorist benefits). Accordingly, the court grants the defendant's motion for summary judgment on this ground.
Hennessey, J.