[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 11467
The defendants move for summary judgment as to counts four, five, six and seven of the plaintiffs' amended complaint.
On October 23, 2000, the plaintiffs, Edward and Rene Bowers, filed a nine count amended complaint against the defendants, Simsbury Medical Associates, Corinne G. Nakhoul, as administrator of the estate of Jabbour Nakhoul, Jabbour Nakhoul, Joseph Carpentieri, Ronald Buonomano, Francis Figueroa, M.J. Neiditz Company, Inc., Daniel M. Neiditz, Steven C. Neiditz, Lawnworks of Avon and Mark Dowd d/b/a Lawnworks of Avon, alleging negligence in connection with injuries resulting from a slip and fall on icy stairs. On May 18, 2001, the defendants filed a motion for summary judgment as to counts four, five, six and seven of the plaintiffs' amended complaint.[1]
Subsequently, the plaintiffs objected and filed a memorandum of law in opposition to the defendants' motion for summary judgment, dated June 11, 2001. The plaintiffs, in their memorandum of law in opposition, have no objection to the court entering summary judgment in favor of the defendants as to counts four, five (as to M.J. Neiditz Co., Inc. and Daniel M. Neiditz), six and seven of the plaintiffs' amended complaint.[2] The plaintiffs object solely to the defendants' motion for summary judgment as to count five against Steven C. Neiditz.[3]
The defendants argue that summary judgment as to count five against Daniel M. Neiditz and Steven C. Neiditz should be granted because the count is legally deficient in that it fails to set forth facts which would allow for the piercing of the corporate veil under either the instrumentality rule or the identity rule. The plaintiffs argue that count five states a legally sufficient cause of action against Steven C. Neiditz because the plaintiffs are not seeking to pierce the corporate veil as the defendants argue. Rather, the plaintiffs argue that they are bringing a direct action against Steven C. Neiditz under the well-recognized doctrine that an agent or officer of a corporation who commits or participates in the commission of a tort, whether or not he acts on behalf of his principle or the corporation, is liable to persons injured by his conduct pursuant to Scribner v. O'Brien, Inc.,169 Conn. 389, 404, 363 A.2d 160 (1975).
On June 21, 2001, and July 17, 2001, in response to the court's request at oral argument, the parties submitted supplemental memoranda of law addressing count five.[4] In the defendants' supplemental memorandum of law in support, the defendants argue that summary judgment should be CT Page 11468 granted because: (1) the case law relied upon by the plaintiffs is factually distinguishable from the present case because nowhere in the plaintiffs' amended complaint do the plaintiffs allege that Steven C. Neiditz committed or participated in the commission of a tort and (2) as vice president of M.J. Neiditz Company, Inc., Steven C. Neiditz owed no duty to the plaintiff in his individual capacity, and, therefore, cannot be individually liable to the plaintiff. In the plaintiffs' supplemental memorandum of law in opposition, the plaintiffs argue that a genuine issue of material fact exists as to whether Steven C. Neiditz negligently performed his duties as vice president of M.J. Neiditz Company, Inc., and, further, that the defendants attempt to factually distinguishScribner v. O'Brien, Inc., supra, 169 Conn. 389, is unavailing.
"The standards governing . . . a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitled him to a judgment as a matter of law. . . ." (Internal quotation marks omitted.) Ramos v. Branford, 63 Conn. App. 671,677, ___ A.2d ___ (2001). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Emmerson v. Super8 Motel-Stamford, 59 Conn. App. 462, 466, 757 A.2d 651 (2000). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.)Great Country Bank v. Pastore, 241 Conn. 423, 436, 696 A.2d 1254 (1997).
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or CT Page 11469 should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Citations omitted; internal quotation marks omitted.) Bennett v.Connecticut Hospice, Inc., 56 Conn. App. 134, 137,741 A.2d 349 (1999), cert. denied, 252 Conn. 938,747 A.2d 2 (2000).
"It is . . . true that an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." Scribnerv. O'Brien, Inc., supra, 169 Conn. 404. "It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable." Kilduffv. Adams, Inc., 219 Conn. 314, 331-32, 593 A.2d 478 (1991).
In their supplemental memorandum of law, the defendants argue thatScribner v. O'Brien, Inc., supra, 169 Conn. 404, is factually distinguishable from the present case and thus inapplicable because nowhere in the plaintiffs' amended complaint do the plaintiffs allege that Steven C. Neiditz committed or participated in the commission of a tort. Furthermore, the defendants argue that as vice president of M.J. Neiditz Company, Inc., Steven C. Neiditz owed no duty to the plaintiff in his individual capacity, and, therefore, cannot be individually liable to the plaintiff. In opposition, the plaintiffs argue that summary judgment should be denied because: (1) in his deposition, Steven C. Neiditz testified that he was responsible for overseeing the physical maintenance of the property known as 381 Hopmeadow Street, Simsbury, Connecticut, and therefore a genuine issue of material fact exists as to whether the plaintiff slipped and fell because Steven C. Neiditz negligently failed to perform his duties as vice president of M.J. Neiditz Company, Inc., and (2) that the defendants attempt to distinguish Scribner v. O'Brien, Inc., supra, 169 Conn. 389, is unavailing.
The defendants rely heavily upon Steven C. Neiditz's deposition testimony in support of the motion. Nevertheless, the deposition testimony does not appear to be certified. This court has previously ruled that uncertified deposition testimony is insufficient to support a motion for summary judgment. Jaworski v. Dwyer, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 521516 (June 7, 1995, Hennessey, J.); Valerio v. International Business Machines Corp.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 366953 (September 1, 1994, Hennessey, J.). Alternatively, even if the defendants "had attached certified copies of deposition CT Page 11470 transcripts, it is questionable whether they would be sufficient to support or oppose a summary judgment motion. The primary purpose of a deposition is discovery, and "[a] response to a question propounded in a deposition is not a judicial admission.' Esposito v. Wethered,4 Conn. App. 641, 645, 496 A.2d 222 (1985)." Valerio v. InternationalBusiness Machines Corp., supra, Superior Court, Docket No. 366953. For the foregoing reasons, the court will not consider the uncertified copy of Steven C. Neiditz's deposition testimony provided by the defendants in deciding this motion.
The other evidence submitted by the defendants does not supply the facts material to the present motion, namely, what Steven C. Neiditz's duties were as vice president in regard to ensuring that the subject property was kept in a safe condition and whether he negligently performed those duties resulting in injury to the plaintiffs. See Scribner v.O'Brien, Inc., supra, 169 Conn. 403-04 (president of corporation who undertook to supervise construction individually liable to plaintiffs for his negligence in that undertaking). Consequently, the evidence presented in support of the motion is insufficient to show that no genuine issue of material fact exists. Accordingly, the court denies the defendants' motion for summary judgment as to count five against Steven C. Neiditz of the plaintiffs' amended complaint.
The court grants the defendants' motion for summary judgment as to counts four, five (as to M.J. Neiditz Co., Inc. and Daniel M. Neiditz), six and seven of the plaintiffs' amended complaint to which the plaintiffs do not object, and denies the defendants' motion for summary judgment as to count five (as to Steven C. Neiditz) of the plaintiffs' amended complaint.
Hennessey, J.