[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#117)
This lawsuit is the second in a series of three lawsuits involving Charles M. Wisnioski and Peter A. Ladizki, relating to a redevelopment project in the town of Rocky Hill known as "the Foundry." There are currently dispositive motions pending in all three cases.[1]
The undisputed material facts viewed in a light most favorable to the plaintiff are as follows: Ladizki was appointed as the developer of the Foundry, in a letter from the redevelopment agency of the town of Rocky Hill, dated April 7, 1999. Wisnioski opposed Ladzicki's conceptual plan. A prior attempt at this project by a previous developer failed and resulted in unpaid property taxes and tax liens against the property in excess of $200,000. Ladzicki had no connection with accumulation of debt and liens related to the property. Wisnioski became a candidate for town council in September 1999. In October 1999, in furtherance of his campaign for public office, Wisnioski authored a flyer, distributed to approximately 4800 homes in Rocky Hill, which has become the subject of a defamation action by Peter, Constance and Caleb Ladzicki against Charles Wisnioski. The flyer states in pertinent part:
Why is Peter Ladzicki afraid of Charlie Wisnioski?
 Peter A. Ladizki sent you a letter about the Foundry. He failed to list me as a member of the redevelopment agency. He knows that I know that he has misrepresented the facts. I am a former state auditor of towns, I am a consultant to the state, the FDIC and towns to evaluate plans like his. He is not the redeveloper. Taxpayers do not benefit when $550,000 of tax money is given to him. According to public records CT Page 13904 the real estate taxes are unpaid, the transfer taxes are unpaid, MDC liens are unpaid. IRS liens are unpaid, bank loans are unpaid, When the Ladzicki's don't pay, you pay his bills. (Emphasis original.)
In October 1999, Ladizki, his wife Constance, and son, Caleb, filed an application for a prejudgment remedy (PJR), against Wisnioski accompanied by an unsigned two-count complaint alleging defamation and tortious interference with contract, Docket No. CV 99 0593531. The prejudgment remedy was denied by the court, O'Neill, J. No further action was taken on this lawsuit until March 2001, when it was served on Wisnioski.[2]
In March 2000, Wisnioski filed the instant three count complaint, alleging vexatious suit based on the failed PJR, abuse of process and intentional infliction of emotional distress against both Peter A. Ladizki and Robert G. Skelton, Ladizki's legal counsel in all three cases. In July 2000, Ladizki filed and served a two-count lawsuit (Docket No. CV 00 0800015), renewing his claims of defamation and tortious interference with contract which were originally associated with his failed PIP. application.[3]
 I
"The standards governing . . . a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of. . . . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Internal quotation marks omitted.) Ramos v. Branford, 63 Conn. App. 671,677 __ A.2d __ (2001).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact. . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." CT Page 13905 (Internal quotation marks omitted.) Emmerson v. Super 8 Motel —Stamford, 59 Conn. App. 462, 466, 757 A.2d 651 (2000).
 II
In support of his motion for summary judgment as to count one, the defendants claim, most significantly, that Wisnioski's complaint fails to allege a termination of a prior lawsuit in his favor, an essential element in a claim for vexatious suit. In a vexatious litigation action, "it is necessary to prove want of probable cause, malice and a termination of [the] suit in the plaintiffs' favor. . . . [Establishing] a cause of action for vexatious suit requires proof that a civil action has been prosecuted not only without probable cause but also with malice. . . . It must also appear that the litigation claimed to be vexatious terminated in some way favorable to the defendant therein. " (Citations omitted; internal quotation marks omitted.) QSP, Inc. v. AetnaCasualty Surety Co., 256 Conn. 343, 361, 773 A.2d 906 (2001). Denial of a prejudgment remedy application does not constitute an action upon which a lawsuit for vexatious litigation may be based. See Delugan v. Allen,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 563950 (April 3, 1997, Sullivan, J); Knickerbocker v. VillageApartments Properties, Inc., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 58389 (September 23, 1992, Pickett,J.) (7 C.S.C.R. 1218); Dinnis v. Roberts Superior Court, judicial district of New Haven at New Haven, Docket No. 296974 (January 3, 1991,Dorsey, J.). See also Bosco v. Arrowhead by the Lake, Inc.,53 Conn. App. 873, 874-75, 732 A.2d 205 (1999) (a hearing on a prejudgment remedy application "is not a full-scale trial on the merits of the plaintiffs' claims . . . but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action. . . . [E]vidence at trial will usually be much more expansive. . . .") (Citations omitted.) Further, in ruling on the prejudgment remedy, although Wisnioski's pleadings and summary judgment opposition papers suggest otherwise, the court, O'Neill, J., did not find that there was no probable cause to sustain Ladizki's defamation action. Rather, the court found that, in the town of Rocky Hill, Ladizki is a public figure and denied the prejudgment remedy on that basis.[4] For the foregoing reasons, the defendants' motion for summary judgment as to count one (vexatious suit) is granted.
 III
In support of their motion for summary judgment as to count two (abuse of process), the defendants claim that Wisnioski has failed to sufficiently state a claim for abuse of process. "An action for abuse of CT Page 13906 process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . . Comment b to § 682 explains that the addition of "primarily' is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." (Citations omitted; emphasis in original; internal quotation marks omitted.) Suffield Dev. Associates Ltd. Partnership v. National LoanInvestors, L.P., 64 Conn. App. 192, 198-99, ___ A.2d ___ (2001). "To allege a viable cause of action for abuse of process, a claimant must point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation." (Internal quotation marks omitted.) Norse Systems, Inc. v. Tingley Systems, Inc.,49 Conn. App. 582, 601-02, 715 A.2d 807 (1988), quoting Mozzochi v.Beck, 204 Conn. 490, 497, 529 A.2d 171 (1987). Although the plaintiff has recited multiple allegations of abuse of process by the defendants, given the underlying facts, as supported by the affidavit of Ladizki, the allegedly defamatory flyer admittedly distributed by Wisnioski, and the letter to Ladizki appointing him as redeveloper for the Foundry property, all of which are appended to the defendants' motion for summary judgment, the court concludes that the primary purpose of the lawsuit brought by Ladizki against Wisnioski was to set forth a legitimate claim of defamation, and that any other purposes are incidental. While the mere allegations of abuse of process may be sufficient to survive a motion to strike, they are not sufficient to survive summary judgment. Wisnioski offers no evidence in opposition to the motion for summary judgment to support his allegations of specific misconduct; and, in fact, Wisnioski's opposition memorandum does nothing to save count two from summary judgment.
 IV
Although the defendants move for summary judgment as to count three (intentional infliction of emotional distress), their memorandum does not address it and the plaintiff has offered no opposition. However, because this claim is integrally related to counts one and two, and the court doubts its viability on its own, the court hereby orders the defendants to file a supplemental memorandum in support of their summary judgment motion as to count three no later than October 16, 2001, and orders the plaintiff to file an opposing memorandum no later than October 23, 2001. CT Page 13907
 CONCLUSION
For all the foregoing reasons, the defendants motion for summary judgment is granted as to counts one and two. The parties are hereby ordered to file supplemental memoranda in accordance with the schedule set forth in this memorandum.
Peck, J.